UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5615 R (MRW) | Date | March 9, 2015 |
|---|---|---|---|
| Title | Woods v. Deputy Sheriff Bryan Smith, et al. | | |

Present: The Honorable   Michael R. Wilner

| Veronica McKamie | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL

This is a pro se civil rights action that the Court recently transferred to Judge Wilner's docket. Plaintiff filed a complaint in August 2013 alleging that officers used excessive force during an arrest. (Docket # 3.) Plaintiff was subsequently incarcerated. During the pendency of this case, Plaintiff has been housed at facilities in California, Arizona, and, most recently, Oklahoma. (Docket # 27, 40, 51, 61.)

The defense has filed two motions to end the action. One motion seeks the entry of a "terminating sanction" against Plaintiff for failing to provide discovery responses and ignoring a previous court order. (Docket # 66.) The defense also filed a motion for summary judgment as to the merits of the action. (Docket # 59.) The defense re-served each motion on Plaintiff at his most recently reported prison address (the facility in Oklahoma (Docket # 61)). However, to date, Plaintiff failed to file any response to either motion.

A pro se litigant "is subject to the same rules of procedure and evidence" as other parties "who are represented by counsel." United States v. Merrill, 746 F.2d 458, 465 (9th Cir. 1984). Local Rule 7-12 states that a party's failure to file a required document such as an opposition to a motion "may be deemed consent to the granting [ ] of the motion." On that basis, the Court could properly recommend dismissal of the action for Plaintiff's failure to oppose the discovery motion. Further, although the Local Rule cannot serve as the basis for granting summary judgment on the merits of a claim (Heinemann v. Satterberg, 731 F.3d 914, 916 (9th Cir. 2013)), it appears at first review that Defendants' summary judgment motion is adequately supported by evidence to show the absence of a disputed material fact. Again, the Court could lawfully enter judgment against Plaintiff based on the pending summary judgment motion.

Nevertheless, based on its review of the docket, the Court is aware that Plaintiff's involuntary prison transfers have created some amount of disruption and confusion in the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5615 R (MRW) | Date | March 9, 2015 |
|---|---|---|---|
| Title | Woods v. Deputy Sheriff Bryan Smith, et al. | | |

In the interests of justice, the Court will give Plaintiff one <u>final</u> opportunity to respond to the motions and participate in the action that he initiated.

Therefore, by or before <u>April 6</u>, Plaintiff is ORDERED to show cause why judgment should not be entered in favor of the defense and the action should not be dismissed under Local Rule 7-12 and Federal Rule of Civil Procedure 41 for failure to prosecute case. Plaintiff's response to this OSC must include: (a) a sworn declaration (not to exceed 5 pages) explaining the reasons why Plaintiff failed to file timely responses to the long-pending motions; <u>and</u> (b) complete and detailed responses (in a manner fully complying with the Local Rules) to the motions themselves. Given the long delay in the action and the proof that Defendants served Plaintiff at both of his most recent prison addresses, the Court will not extend this deadline but for extraordinary cause shown.

<u>Alternatively</u>, Plaintiff may request the voluntary dismissal of the action with no further consequence.

**Plaintiff is advised that the failure to respond to this order will lead the Court to conclude that the discovery motion is unopposed under Local Rule 7-12, and the action will be dismissed on that basis and under Federal Rule of Civil Procedure 41 for failure to prosecute the action.**